**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 24-7583 PA (Ex) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Monte Beard v. Connolly-Pacific Co. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal ("NOR") filed by defendant Connolly-Pacific Co. ("Defendant"). (Docket No. 1.) Defendant asserts that this Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the preemption provided by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons stated below, the Court finds that Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7583 PA (Ex) | | Date | September 10, 2024 |
|---|---|---|---|---|
| Title | Monte Beard v. Connolly-Pacific Co. | | | |

"artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Section 301 of the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted section 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985). This preemption of state claims "extend[s] beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. at 210-11. However, the scope of section 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement [("CBA")], is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12. "In order to help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7583 PA (Ex) | Date | September 10, 2024 |
|---|---|---|---|

| Title | Monte Beard v. Connolly-Pacific Co. |
|---|---|

2000) (citing <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 123-26, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994)). In particular, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." <u>Livadas</u>, 512 U.S. at 124 (citing <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 413 n.12, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)). "[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." <u>Lingle</u>, 486 U.S. at 409-10.

Accordingly, preemption under section 301 requires a two-step analysis. <u>Alaska Airlines Inc. v. Schurke</u>, 898 F.3d 904, 920-22 (9th Cir. 2018) (en banc); <u>Burnside v. Kiewit Pac. Corp.</u>, 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." <u>Burnside</u>, 491 F.3d at 1059. "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted. In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate." <u>Alaska Airlines</u>, 898 F.3d at 921 (footnote, citations, and internal quotation marks omitted). "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." <u>Id.</u> (citations omitted).

If the right asserted by the plaintiff is conferred by state law, the Court proceeds to the second step, in which it must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective-bargaining agreement." <u>Burnside</u>, 491 F.3d at 1059 (quoting <u>Caterpillar</u>, 482 U.S. at 394). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is substantially dependent thereon and is preempted by section 301. <u>Id.</u> at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim." <u>Detabali v. St. Luke's Hosp.</u>, 482 F.3d 1199, 1203 (9th Cir. 2007) (alteration omitted) (quoting <u>Cramer v. Consol. Freightways, Inc.</u>, 255 F.3d 683, 691 (9th Cir. 2001) (en banc))). "[It is not] enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language – for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights." <u>Alaska Airlines</u>, 898 F.3d at 921-22 (alterations, citations, and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7583 PA (Ex) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Monte Beard v. Connolly-Pacific Co. | | |

Here, Plaintiff's Complaint alleges a single cause of action for violation of California Labor Code § 1102.5.  The Complaint alleges that Defendant retaliated against Plaintiff for reporting his employer's illegal activity – including unsanitary conditions, forced sharing of hotel rooms during the pandemic, and insufficient numbers of crew members on the ship.  The Complaint alleges that the retaliation took the form of loss of seniority, denial of training, promotion and work opportunities.  (Docket No. 1-1.)  Defendant contends that although Plaintiff pleads his cause of action as a state law claim, it is preempted by § 301 of the LMRA because the cause of action is"inextricably intertwined" with terms in the CBA governing the terms and conditions of Plaintiff's employment.  In particular, Defendants argue that the Court would need to interpret the CBA in order to determine whether Plaintiff was in fact subject to adverse employment action and whether he had a reasonable belief that the conduct he reported violated the CBA.  (Docket No. 1 at pp. 6-9.)  Defendant also argues that because some of the alleged wrongdoing has been adjudicated through the CBA's grievance process, the Court would need to interpret the CBA in order to determine whether Plaintiff's cause of action is precluded by the doctrine of res judicata.  Defendant's arguments are unpersuasive.

First, the Ninth Circuit has repeatedly held that § 301 does not preempt employment discrimination or retaliation claims, even where a CBA contains provisions that may be relevant to such claims.  See Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007); Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1522-1528 (9th Cir. 1995); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993); Cook v. Lindsay Olive Growers, 911 F.2d 233, 237-38 (9th Cir. 1990); Jackson v. S. Cal. Gas Co., 881 F.2d 638, 643-44 (9th Cir. 1989); Ackerman v. W. Elec. Co., 860 F.2d 1514, 1517-18 (9th Cir. 1988).

Second, Defendant fails to plausibly allege that resolution of Plaintiff's cause of action will require interpretation of, rather than mere reference to, the CBA.  Plaintiff alleges that Defendants discriminated against him after he reported allegedly illegal and working conditions that violated terms of the CBA.  While Defendant may raise questions as to whether its conduct was actually in violation of the CBA or whether Plaintiff was subject to adverse employment action, Plaintiff's Complaint focuses on Defendants' alleged retaliatory actions as a result of his protected whistle blowing activity, and not the meaning of the CBA's terms.  The basic legal issues presented by the cause of action can be decided by referring to the CBA and do not require interpreting the CBA.[1]  As such, Plaintiff's retaliation cause of action is not preempted.  See Brown, 571 F. App'x at 575 ("The elements of [retaliation] claim require an inquiry into the respective actions of the employer and the employee . . . This inquiry will not depend on

---

[1]      Defendant does not claim that any of the CBA terms at issue are overly complicated or would be difficult to apply to the facts alleged in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7583 PA (Ex) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Monte Beard v. Connolly-Pacific Co. | | |

interpretation of terms in the CBA."); <u>Arredondo v. S. Glazers Wine & Spirits</u>, LLC, No. CV 22-8698-FMO-MAAX, 2023 WL 62787, at *2 (C.D. Cal. Jan. 4, 2023) (concluding that wrongful constructive discharge claim was not preempted by LMRA because it focused on defendants' motivations for terminating plaintiff and thus would not require interpretation of CBA).

Accordingly, the Court concludes that Defendant has failed to satisfy its burden to establish that § 301 of the LMRA preempts Plaintiff's state-law cause of action or that there is any other basis to confer federal question jurisdiction.[2] For the foregoing reasons, the Court remands this action to Los Angeles County Superior Court, Case Number 24STCV17522, for lack of subject matter jurisdiction.  <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[2]     In its NOR, Defendant also cites to 28 U.S.C. § 1337 as a basis for the Court's subject matter jurisdiction.  Section 1337(a) vests the district courts with "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  This argument fails, however, because the only act of Congress implicated here is the LMRA, which does not give the Court jurisdiction for the reasons described above.